UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, a Delaware Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>ENERGETIC LATH & PLASTER, INC., a California Corporation; ENERGETIC PAINTING AND DRYWALL, INC., a California Corporation; ROBERT CIMINI, an individual; GAIL CIMINI, an individual,<br><br>            Defendants. | No.  2:15-cv-00861-KJM-EFB<br><br><br>ORDER |
| AND RELATED COUNTERCLAIMS | |

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978).  While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "'gratif[ication of] private spite or promot[ion of] public scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id.* at 598.  As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or

1

a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136). The compelling-reasons standard applies even if contents of the dispositive motion or its attachments have previously been filed under seal or are covered by a generalized protective order, including a discovery phase protective order. *See Foltz*, 331 F.3d at 1136.

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." While the court should not have to set forth its local rules in such detail, or review the controlling authority from which the rules derive, it does so here in light of the completely unjustified request to seal presented by Lexington in its requests to seal, ECF Nos. 55, 72, and the Ciminis in their opposition, which actually requests the court seal additional documents, ECF No. 71.

The requests to seal from both Lexington and Ciminis are DENIED. The Clerk of Court shall return the requests and their attachments to the parties who may renew their requests, if they are able to in compliance with the law cited in this order. If the parties again file such unsupported requests to seal, the court cautions they will be required to show cause why they should not be subject to monetary sanctions. The Ciminis' request for sanctions is also DENIED. This order resolves ECF Nos. 55, 71, 72.

IT IS SO ORDERED.

DATED: February 9, 2016.

UNITED STATES DISTRICT JUDGE