UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENERGETIC LATH & PLASTER, INC., a California Corporation; ENERGETIC PAINTING AND DRYWALL, INC., a California Corporation; ROBERT CIMINI, an individual; GAIL CIMINI, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | No. 2:15-cv-00861-KJM-EFB<br><br>ORDER<br><br>AND ORDER TO SHOW CAUSE |

On February 11, 2016, this court issued an order denying the unsupported request to seal by Lexington and the Ciminis. ECF No. 86. On February 12, 2016, Lexington filed a renewed notice of request to seal the same documents. ECF No. 87. The renewed request essentially repeats the same conclusory arguments from the previous request to seal, supported merely by quotations from the documents Lexington proposes to be sealed, and careless citations to the case law this court referenced in its previous order denying sealing. Indeed, the case law Lexington cites undermines its request. *See Kamakana v. City and County of Honolulu*, 447 F.3d

1

1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136–38 (9th Cir. 2003) (existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal; exposure to liability in collateral suits is not a compelling reason to overcome the presumption of public access).  In short, the request remains wholly unsupported and fails to meet the high threshold of "compelling reasons" for sealing of documents attached to dispositive motions.  *Kamakana*, 447 F.3d at 1178.

Lexington's renewed request to seal is DENIED, resolving ECF No. 87.

The court previously has cautioned that the filing of unsupported requests to seal renders a party subject to sanctions.  IT IS THEREFORE ORDERED that Lexington show cause within fourteen days of the date of this order why it should not pay sanctions in the amount of $250.00 for failure to follow this court's orders.

DATED: March 1, 2016.

_____
UNITED STATES DISTRICT JUDGE