UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENERGETIC LATH & PLASTER, INC., a California Corporation; ENERGETIC PAINTING AND DRYWALL, INC., a California Corporation; ROBERT CIMINI, an individual; GAIL CIMINI, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 2:15-cv-00861-KJM-EFB<br><br>ORDER |
| AND RELATED CLAIMS | |

On October 5, 2015, defendants and counter-plaintiffs Robert and Gail Cimini (the Ciminis) filed a First Amended Counter-Complaint against plaintiff and counter-defendant Lexington Insurance Company (Lexington), alleging, in relevant parts here: (1) breach of contract, (2) implied covenant of good faith and fair dealing, and (3) violation of the Nevada Unfair Trade Practices Act, including section 686A.30(1) of the Nevada Revised Statutes. ECF No. 43. Lexington moved to dismiss the Ciminis' counterclaim based on violations of the Nevada Revised Statutes section 686A.310(1). ECF No. 46. Prior to submission of the motion to

1

dismiss on January 26, 2016, ECF No. 69, Lexington also moved for summary judgment on the Ciminis' breach of contract and implied covenant of good faith and fair dealing counterclaims. ECF Nos. 57, 74.

District courts have inherent power to manage their dockets. *In re Phenylpropanolamine Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). "All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively . . . ." *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (per curiam) (citations and quotations omitted). Here, the counterclaims presented in the Ciminis' First Amended Counter-Complaint against Lexington present overlapping issues, including the interpretation of the insurance policy issued by Lexington, and Lexington's actions taken in relation to the insurance policy and the underlying action litigated in Nevada. The allegations within the counterclaims also overlap each other. In particular, some of the allegations concerning the implied covenant of good faith and fair dealing are based on statutory violations alleged in support of the Nevada Unfair Trade Practices Act counterclaim. Thus, though the motion for summary judgment and the motion to dismiss attack separate counterclaims, the court finds its decision on the motion to dismiss may nevertheless alter the scope of Lexington's motion for summary judgment and affect the parties' positions with respect to that motion. *See Nelson v. City of Los Angeles*, No. 11-5407, 2015 WL 1931714, at *22 (C.D. Cal. Apr. 28, 2015).

Accordingly, the motion for summary judgment is DENIED without prejudice to refile following the Ciminis' filing of an Second Amended Counter-Complaint as allowed in the order resolving the motion to dismiss, filed concurrently with this order.

IT IS SO ORDERED.

DATED: March 2, 2016.

_____
UNITED STATES DISTRICT JUDGE