UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENERGETIC LATH & PLASTER, INC., a California Corporation; ENERGETIC PAINTING AND DRYWALL, INC., a California; ROBERT CIMINI, an individual; GAIL CIMINI, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | No. 2:15-cv-00861-KJM-EFB<br><br><br>ORDER |

    This matter is before the court on plaintiff and counter-defendant Lexington Insurance Company's (Lexington) second motion to dismiss the First Amended Counter-Complaint of defendants and counter-plaintiffs Robert and Gail Cimini (collectively, "the Ciminis"), and/or motion for a more definite statement. Mot., ECF No. 46. Defendants opposed, ECF No. 50, and plaintiff replied, ECF No. 53. The court submitted the matter without oral argument. As explained below, the court GRANTS the motion to dismiss, with leave to amend, and DENIES the motion for a more definite statement.

/////

/////

1

I.     PROCEDURAL HISTORY

This court previously has set out the lengthy procedural history of this case in a prior order, ECF No. 42, and thus recounts only the relevant parts here.

Robert and Gail Cimini filed the underlying action in Nevada claiming construction defects allegedly attributed to Energetic Lath & Plaster, Inc. (ELP) and Energetic Painting and Drywall, Inc. (EPD) (collectively, "Energetic"), the subcontractors.[1] Compl., ECF No. 1. Default was entered in the underlying action against Energetic. ECF No. 42 at 3. After denying a motion to set aside default, the Nevada court found Energetic liable for the claims in the underlying action by virtue of the default and responsible for $404,625.11 in damages.

On April 21, 2015, Lexington filed a declaratory relief action in this court against Energetic to clarify disputed rights and obligations arising from Lexington's role as Energetic's insurer. On October 5, 2015, the Ciminis filed a First Amended Counter-Complaint, asserting the following claims against Lexington: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; and (3) unfair trade practices. First Amend. Counter-Compl. (FACC), ECF No. 43. On October 22, 2015, Lexington filed the instant motion to dismiss the Ciminis' unfair trade practices claim.

II.    LEGAL STANDARD

    A.     Motion to Dismiss

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory or formulaic recitations of a claim's elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

---

[1] The Ciminis filed the underlying action against Silverstar, a Nevada home developer, who filed a third-party complaint in the underlying action against various subcontractors, including Energetic. ECF No. 42 at 3. The Nevada court subsequently found the Ciminis had stepped into the shoes of Silverstar based on a settlement agreement between the Ciminis and Silverstar in which Silverstar assigned its rights against Energetic to the Ciminis. *Id.* at 2–3.

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes these factual allegations are true and draws reasonable inferences from them. *Iqbal*, 556 U.S. at 678. In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555.

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127, 1140 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).

B.    Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). The plaintiff must include "the who, what, when, where, and how" of the fraud, *Id.* at 1106 (citations omitted), and "set forth what is false or misleading about a statement, and why it is false," *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994). A claim for fraud must be "specific enough to give defendants notice of the particular conduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

/////

C.     Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) "is designed to strike at unintelligibility, rather than want of detail." *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984); *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F. Supp. 1364, 1385 (N.D. Cal.1980). The rule permits a party to move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). It is not the function of such a motion to enable the defendants to ascertain details of the plaintiff's case or to require the plaintiff to provide evidentiary material that may properly be obtained by discovery. *See Comm. for Immigrant Rights of Sonoma Cnty v. Cnty of Sonoma*, 644 F. Supp. 2d 1177, 1190–91 (N.D. Cal. 2009); *Woods*, 600 F. Supp. at 580; *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Boxall v. Sequoia Union High Sch. Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

Motions for more definite statement must be considered in light of the liberal pleading standards of the Federal Rules of Civil Procedure and "should be granted only where the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and 'literally cannot frame a responsive pleading.'" *Hubbs v. Cnty. of San Bernardino*, CA, 538 F. Supp. 2d 1254, 1262 (C.D. Cal.2008) (quoting *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996)); *see also Comm. for Immigrant Rights of Sonoma Cnty.*, 644 F. Supp. 2d at 1191 (a motion for more definite statement is proper only where the complaint is so vague or ambiguous that the opposing party cannot respond even with a simple denial). A motion for more definite statement should be denied if a pleading meets federal standards by providing a short and plain statement of the claim showing that the pleader may be entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

III.    DISCUSSION

A.     Motion to Dismiss

The Ciminis' claimed violations of Nevada's Unfair Trade Practices Act, NRS 686A, *et seq.*, rely on a number of statutory subsections. In the First Amended Counter-Complaint, the Ciminis bring counterclaims against Lexington for violations of NRS

4

1  686A.310(1)(a), (b), (c), (e), (f) and (n), ECF No. 46-4, all of which Lexington now moves to
2  dismiss.  The court addresses each statutory subsection separately below.

                1.      <u>NRS 686A.310(1)(a)</u>

Nevada Revised Statutes (NRS) 686A.310(1)(a) makes it a violation to "[m]isrepresent[ ] to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage at issue."  The statute "address[es] the manner in which an insurer handles an insured's claim whether or not the claim is denied."  *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010).  However, an insurance company's analysis of the facts and policy in a denial of coverage letter does not violate the statute provided that the analysis does not misrepresent the terms of the policy.  *Id.* at 1236–37.

The Ciminis, in relevant part, allege Lexington misrepresented the facts of the loss and the terms of the Self-Insured Retention Endorsement (SIR)[2] provision to include language and requirements outside of the policy.  Lexington contends the claim based on NRS 686A.310(1)(a) fails because the First Amended Counter-Complaint does not allege the misrepresented facts and provisions, and furthermore a difference in the interpretation of an issue does not constitute a violation of the section.  The Ciminis respond with the following in their opposition, providing additional facts to support their allegations:

> . . . Lexington attempts to misrepresent that the SIR can only be satisfied by the named insured . . . The SIR provision has no mention of a requirement for the SIR to be satisfied before Lexington has a duty to indemnify . . .

Opp'n at 4.

Here, in the First Amended Counter-Complaint itself, the Ciminis have failed to allege any facts to support their allegations that Lexington misrepresented the facts of the loss and the SIR provision.  The "[Ciminis] did not specify the specific misrepresentation made, who made it, when it was made, or other pertinent information necessary to sustain this claim."

---

[2] "The [SIR] . . . provides that the policy is subject to a $25,000 per-claim Retained Limit."  Opp'n at 4 n.1.  "The Lexington policies each contain an [SIR]."  *Id.*  Lexington argues the SIR has to be satisfied before Lexington has a duty to indemnify.  *Id.* at 4.

5

1 *Probuilders Specialty Ins. Co. v. Double M. Const.*, No. 13-2156, 2015 WL 1202803, at *6 (D. Nev. Mar. 17, 2015). The Ciminis therefore have failed to plead this claim with sufficient particularity as required by Federal Rule of Civil Procedure 9(b). *Ramos v. Liberty Mut. Ins. Co.*, 14-839, 2014 WL 4354138, at *5 (D. Nev. Sept. 3, 2014). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." However, because the Ciminis have provided additional facts in their opposition, Opp'n at 3–4, it appears they can remedy the defect. *See Ramos*, 2014 WL 4354138, at *5.

Accordingly, the court GRANTS Lexington's motion to dismiss on the Ciminis' claim under NRS 686A.310(1)(a), with leave to amend.

2. <u>NRS 686A.310(1)(b)</u>

NRS 686A.310(1)(b) prohibits an insurer from failing "to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies." The Ciminis allege Lexington "fail[ed] to timely determine its coverage obligations," and "wait[ed] to attempt to resolve coverage issues until years after the inception of the suit," in violation of NRS 686A.310(1)(b). FACC ¶ 179. Lexington contends the Ciminis' allegations are conclusory. Mot. at 7.

Here, the First Amended Counter-Complaint alleges generally there was an untimely determination of coverage, but otherwise does not provide any factual allegations to support the assertion that Lexington failed to acknowledge or act reasonably promptly regarding any specified communications relating to the insurance policy. *See Contreras v. American Family Mut. Ins. Co.*, No. 12-00249, 2013 WL 275265, at *3 (D. Nev. Jan. 24, 2013) (complaint alleging defendant had "failed to promptly notify the insured of the loss and/or destruction of evidence central to the litigation brought by its insured" sufficiently pled claim under NRS 686A.310(1)(b)); *First Nat'l Bank of Ely v. Progressive Cas. Ins. Co.*, No. 11-00859, 2012 WL 5944847, at *5 (D. Nev. Nov. 27, 2012) (allegations that plaintiff timely notified defendant insurer of the loss but defendant never informed plaintiff its claims were incomplete under the

insurance policy sufficient to state claim under NRS 686A.310(1)(b)); *cf. Storlie v. State Farm Mut. Auto. Ins. Co.*, No. 09-02205, 2011 WL 116881, at *7 (D. Nev. Jan. 13, 2011) ("Plaintiff has not pointed to any instances in which [d]efendant actually failed to acknowledge a communication with respect to claims arising under [p]laintiff's insurance policy and failed to act reasonably promptly upon such communications, as is required for a violation to be present.").

The court GRANTS Lexington's motion to dismiss Ciminis' claim under NRS 686A.310(1)(b), but with leave to amend.

### 3. NRS 686A.310(1)(c)

NRS 686A.310(1)(c) requires an insurer to adopt and follow reasonable standards for promptly investigating and processing insurance claims. The Ciminis allege Lexington:

> [F]ailed to retain, train and supervise competent adjusters to conduct prompt, thorough and impartial investigations to promptly determine the true facts of [the] claim, as shown by the improper interpretation of their own insurance policy provisions, the biased investigation that sought bases to deny coverage rather than to provide coverage, by interpreting the SIR provision improperly, and by other wrongful conduct.

FACC ¶ 182. Lexington contends the First Amended Counter-Complaint lacks factual allegations and insurers violate NRS 686A.310(1)(c) only if they do not "adopt and implement" as opposed to "meet" the reasonable standards. Mot. at 8.

The Ciminis do not allege any facts regarding Lexington's failure "to adopt and implement reasonable standards for prompt investigation and processing of claims." *Zurich Am. Ins. Co.*, 720 F. Supp. 2d at 1237 (claim regarding qualification and performance of employees related to investigation of claim may be subspecies of failure to implement reasonable standards but by itself is not sufficient to violate NRS 686A.310(1)(c)). Instead, the First Amended Counter-Complaint contains a mixture of allegations concerning Lexington's failure to "retain, train and supervise," "improper interpretation" of its insurance policy and "biased investigation." However, the Ciminis have shown they may be able to remedy the defect here because they clarify in their opposition that "Lexington did not even adopt the standards." Opp'n at 8.

Accordingly, the court GRANTS Lexington's motion to dismiss Ciminis' claim under NRS 686A.310(1)(c), with leave to amend.

7

    4. <u>NRS 686A.310(1)(e)</u>

    NRS 686A.310(1)(e) prohibits the insurer from "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." The Ciminis allege in the First Amended Counter-Complaint that:

> Lexington . . . ha[s] failed to effectuate a prompt, fair and equitable settlement of [p]laintiffs' claim failing to timely determine its coverage obligations, waiting to attempt to resolve coverage issues until years after the inception of the suit, as shown by its declaratory relief action which was not filed until nearly 2 years after the hearing on the judgment against ELP and EPD, by refusing to attend settlement conferences in good faith, and by other wrongful conduct.

FACC ¶ 179. Here again, the First Amended Counter-Complaint merely recites the elements of the claim without providing any factual allegations. Though plaintiffs are not required to prove their case at this stage, "conclusory, threadbare allegations that mere recite the elements of a cause of action will not defeat a motion to dismiss." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2014) (quotations omitted).

    The court GRANTS Lexington's motion to dismiss this claim, but with leave to amend.

    5. <u>NRS 686A.310(1)(f)</u>

    NRS 686A.310(1)(f) prohibits the insurer from "[c]ompelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered." The Ciminis allege that:

> Lexington . . . ha[s] compelled [the Ciminis] to institute litigation to recover amounts due under the insurance policy because Lexington . . . ha[s] refused to indemnify ELP and/or EPD for any of the judgment amounts awarded against ELP and/or ELP.

FACC ¶ 180. As stated above, conclusory allegations will not survive a motion to dismiss. Thus, the court GRANTS Lexington's motion to dismiss this claim, with leave to amend.

8

### 6. NRS 686A.310(1)(n)

NRS 686A.310(1)(n) prohibits the insurer from "[f]ailing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claims and the applicable law, for the denial of his claim or for an offer to settle or compromise his claim." The Ciminis allege in the First Amended Counter-Complaint that Lexington:

> [F]ailed to provide a reasonable explanation of the basis for denying and/or offering to settle or compromise [the Ciminis'] claim with respect to the facts of the insured's claim and the applicable law, for the denial of this claim or for an offer to settle or compromise this claim because Lexington has misrepresented or misunderstood the facts and circumstances of the loss . . . .

FACC ¶ 181; Opp'n at 13–14. The Ciminis merely set forth a bald recitation of the statutory section without factual allegations to support the asserted violation. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Here as well, however, because the Ciminis provide additional factual information in their opposition, the defect can likely be remedied. *See* Opp'n at 14.

Accordingly, the court GRANTS Lexington's motion to dismiss Ciminis' claim under NRS 686A.310(1)(n), with leave to amend.

### B. Motion for a More Definite Statement

Because the court is allowing the Ciminis to amend their First Amended Counter-Complaint, the court need not reach Lexington's motion for a more definite statement.

## IV. CONCLUSION

Lexington's motion to dismiss is GRANTED in full with leave to amend, and its motion for a more definite statement is DENIED. The Ciminis shall file a Second Amended Counter-Complaint within twenty-one (21) days from the date of this order. This order resolves ECF Nos. 46, 50, 53.

IT IS SO ORDERED.

DATED: March 2, 2016.

_____
UNITED STATES DISTRICT JUDGE